UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LEONARD FONTENOT | : | DOCKET NO. 2:21-cv-4362 |
| | | SECTION P |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| UNITED STATES OF AMERICA | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM ORDER**

Before the court is a complaint [doc. 1] filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by Leonard Fontenot, who is proceeding *pro se* and *in forma pauperis* in this matter. Fontenot is an inmate in the custody of Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana (FCIO). His claims arise out of his incarceration at the Federal Correctional Institute – Fairton ("Fairton," located in Bridgeton, New Jersey.

**I.**
**BACKGROUND**

Plaintiff filed the instant suit alleging personal injury as a result of the negligent and wrongful acts and omissions of the Fairton employees who were responsible for his health care needs.

**II.**
**LAW & ANALYSIS**

*A. Frivolity Review*

Fontenot has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte*

dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

## B.  FTCA

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA files his tort claims directly against the United States, rather than the individual government actor. *See Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit). Such claims are analyzed under the law of the place where the act or omission occurred. *Sheridan v. United States*, 108 S.Ct. 2449, 2454 (1988) (citing 28 U.S.C. § 1346(b)). Under the FTCA, a plaintiff is required to properly present his claims to the government agency before filing suit.  *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). This presentment

requirement is satisfied by the claimant presenting their tort claims to the appropriate federal agency before instituting suit in court. 28 U.S.C. § 2675(a); *Izen v. Catalina*, 398 F.3d 363, 367 (5th Cir. 2005). This "requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA" and cannot be waived. *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981). Thus, a court must dismiss a suit as premature if the plaintiff failed to first exhaust administrative remedies. *See Id.* at 204 (observing that "jurisdiction must exist at the time the complaint is filed" and that staying or holding in abeyance premature claims would conflict with purpose of the exhaustion requirement).

In addition, § 2401(b) of the FTCA requires that a tort claim against the United States be presented to the appropriate federal agency "within two years after such claim accrues" and then brought to federal court "within six months after . . . final denial of the claim by the agency." 28 U.S.C. § 2401(b); *see also United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015); *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001). A claimant is required to meet both of those deadlines. *Kwai Fun Wong,* 135 S. Ct. at 1629.  In order to determine whether this Court has jurisdiction over plaintiff's FTCA claim, plaintiff should provide evidence of exhaustion under the FTCA.

### III.
#### CONCLUSION

For the foregoing reasons, Fontenot is given **30 days** to remedy his claims as described above. Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Fontenot at his last address on file.

**IT IS ORDERED** that Fontenot amend his complaint within **thirty (30) days** of the filing of this order to provide evidence of exhaustion under the FTCA. Failure to comply with this order

3

may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil

Procedure. *See Link v. Wabash R. Co*., 82 S. Ct. 1386 (1962).

Fontenot is further required to notify the court of any change in his address under LR 41.3.

Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 14th day of April, 2022.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

4